IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES** | : | |
| | : | |
| | : | |
| v. | : | Case No.  MJM-21-298 |
| | : | |
| **OSMAN SESAY** | : | |
| | : | |
| **Defendant** | : | |

**MOTION IN LIMINE TO PRECLUDE PRIOR BAD ACTS EVIDENCE**

Osman Sesay, the Defendant, by and through Andrew R. Szekely and Dara Jackson-Garrett, Assistant Federal Public Defenders, hereby moves to preclude the admission of Mr. Sesay's 2016 conviction for Unauthorized Use of a Vehicle and Mr. Sesay's 2017 Conviction for Wearing, Carrying, or Transporting a Firearm. On February 23, 2025, the government provided Mr. Sesay notice of its intent to introduce evidence of these two prior convictions pursuant to FRE 404(b). FRE 404(b) Notice, Exhibit A. The Court should not admit either conviction because each of these convictions constitutes nothing more than impermissible propensity evidence.

**I.  Introduction and Legal Standard**

The government alleges that Mr. Sesay was part of a marijuana distribution conspiracy that began in November 2020 and ended with Mr. Sesay's arrest on July 16, 2021. *See* Third Superseding Indictment, ECF No. 140. The government further alleges that Mr. Sesay used stolen luxury cars, a stash house, and false identifications to advance the conspiracy. At trial, Mr. Sesay expects the government to introduce evidence that approximately 90 pounds of marijuana were seized during the execution of the July 2021 residential search warrants at the Monarch and Remy apartment complexes. The government will also introduce evidence regarding the seizure of firearms from the glove compartments of two luxury cars, as well as firearms from inside the Monarch apartment. Finally, Mr. Sesay expects the government will introduce

1

evidence of cash seizures totaling nearly $60,000 from the April and July searches. The government, in other words, alleges that Mr. Sesay was engaged in the sale of substantial quantities of marijuana over several months and that he used firearms and stolen luxury cars to further those sales.

The Court should bar the government from admitting evidence from the 2016 and 2017 convictions because they are too factually distinct from the allegations in this case. Evidence of an extrinsic prior bad act is:

> [A]dmissible under Rules 404(b) and 403 if it meets the following criteria: (1) The evidence must be relevant to an issue, such as an element of an offense, and must not be offered to establish the general character of the defendant. *In this regard, the more similar the prior act is (in terms of physical similarity or mental state) to the act being proved, the more relevant it becomes.* (2) The act must be necessary in the sense that it is probative of an essential claim or an element of the offense. (3) The evidence must be reliable. And (4) the evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the factfinding process.

*United States v. Queen*, 132 F.3d 991, 997 (1997) (emphasis added) The Fourth Circuit has further cautioned that Rule 404(b) and its "exceptions should be considered with meticulous regard to the facts of each case." *United States v. Hernandez*, 975 F.2d 1035, 1040 (4th Cir. 1992) (*quoting United States v. Baldivid*, 465 F.2d 1277, 1290 (4th Cir.1972) (Sobeloff, J., concurring in part and dissenting in part)). A comparison of the facts of this case and the facts of Mr. Sesay's 2016 and 2017 prior convictions demonstrates the prior offenses are too factually remote to be admissible.

II. **The Court should not admit Mr. Sesay's 2016 conviction for Unauthorized Use of a Vehicle**

In Mr. Sesay's 2016 D.C. Superior Court case, he pleaded guilty to driving a stolen Dodge Challenger. Exhibit A at 1. During a search of the car officers found a shopping bag holding 16 individual bags of "a green leafy substance which field tested positive for THC." *Id*. The weight

of the marijuana and its packaging material was slight over one pound. Mr. Sesay did not plead to any drug offense, possession or distribution, in that case.

In its notice, the government argues "the evidence will be offered to establish knowledge, intention, and lack of accident/absence of mistake with respect to the Defendant's possession and use of stolen vehicles, as charged in Count 1 of the Third Superseding Indictment as part of the manner and means of the Defendant's conspiracy to distribute and posses with the intent to distribute marijuana. Like this previous conviction, here Defendant used and possessed four stolen vehicles as part of and to further his marijuana distribution conspiracy." *Id.* at 1-2.

The Court should not admit evidence of this conviction. In this case, the government alleges Mr. Sesay's long-term use of stolen luxury cars to traffic large amounts marijuana. In the 2016 case, there is evidence of Mr. Sesay's use of a stolen car one on day to transport about one pound of marijuana broken into 16 bags of about one ounce each. In other words, any drug distribution in the 2016 case, which the government did not ultimately pursue, was on a small scale.

Mr. Sesay does not intend to raise the defense of mistake or lack of knowledge as to the marijuana recovered in this case or claim he did not know the stolen cars were stolen. As for intent, while it is "a truism that a plea of 'not guilty' to a charge requiring intent places that mental state in issue and that the state may offer evidence of other bad acts to address that issue … all evidence of other intentional acts or crimes does not for this reason become relevant." *Hernandez*, 975 F.2d at 1039 (citations omitted). Rather, the Court should follow the approach directed by *Queen* and *Hernandez* to carefully compare the facts of the prior bad act to the allegations here. That analysis shows that the facts of the 2016 case -- the nature of the car used; the lack of other facts regarding how Mr. Sesay came to possess it or how long he possessed the stolen Dodge; and the relatively small quantity of marijuana seized, are too different from the

3

allegations here to make the 2016 conviction probative for any purpose other than inadmissible propensity evidence.

III. **The Court should also not admit Mr. Sesay's 2017 Conviction for Wearing, Carrying, or Transporting a Handgun in a Vehicle or on a Public Road**

In the 2017 case, Mr. Sesay admitted the following facts during his guilty plea:

> [O]n or about October 29th, 2015, at approximately 2:25 in the afternoon, Prince George's County Police were on patrol in the 7900 block of Central Avenue in Prince George's County, Maryland.
>
> They observed a blue Dodge Charger traveling in that area with tint that was too dark to see the number, race or gender of occupants within.
>
> Police initiated a traffic stop. The car eventually came to a stop. The driver of the car rolled down the window and police identified the Defendant, Osman Sesay, who is standing to my left in the hoodie sweatshirt, as the driver of the vehicle.
>
> Mr. Sesay was reaching around the passenger compartment. Additionally, police noticed an odor of marijuana coming from within the car. Police then conducted a search of the car. Underneath of the driver's seat, where Defendant Sesay had been sitting, police recovered a silver Smith & Wesson handgun that was loaded with eight rounds of ammunition.

Feb. 27, 2017, Plea Trans. at 8-9, Exhibit B.

The government argues that these facts are admissible to "establish knowledge, intention, and lack of accident/absence of mistake with respect to the Defendant's possession and use of seven firearms in this case, as charged in the Third Superseding Indictment. Like this previous conviction, here Defendant used and possessed seven firearms, two of which were found in the glove compartments of vehicles that the Defendant used." Exhibit A at 2. The Court should not admit the evidence based on those reasons.

The facts of 2017 case and this case are too different from one another to meet *Queen's* first prong. In 2017, Mr. Sesay was driving a Dodge with a dark tint. When officers searched the car, they recovered a firearm under the front seat and did not recover any marijuana, despite stating to have smelled it, or a significant amount of cash. In contrast, here the government

alleges Mr. Sesay possessed firearms to protect either drugs or cash; that he did so while driving stolen luxury cars; and that., per the government's notice, Mr. Sesay hid drugs in the glove compartments of his cars. None of these allegations are reflected in the facts Mr. Sesay admitted in 2017. The similarities between these cases and this case are limited to the presence of a gun and Mr. Sesay.

Mr. Sesay does not intend to argue his mistaken possessed the firearms nor does he intend to argue he was unaware of the firearms on either date he was arrested. The admission of the conviction for these purposes is therefore not "necessary in the sense that it is probative of an essential claim or an element of the offense." *Queen*, 132 at 197. Rather, the Court should look to see how closely related the facts of each case are and then determine whether the facts of the prior conviction suggest evidence of the requisite intent for the offenses charged here. They do not.

## IV.    Conclusion

For these reasons the Court should not admit as FRE 404(b) evidence of Mr. Sesay's 2016 or 2017 convictions.

Respectfully submitted,

James Wyda
Federal Public Defender
for the District of Maryland

___/s/_____
Andrew R. Szekely
Dara Jackson-Garrett
Assistant Federal Public Defender
100 South Charles Street
Tower II, 9th Floor
Baltimore, Maryland 21201
Phone: (410) 962-3962
Fax: (410) 962-3976
Email: andrew_szekely@fd.org