IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Crim. No. MJM-21-298 |
| OSMAN MALIK SESAY, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

This matter is before the Court on defendant Osman Malik Sesay's ("Defendant") second Motion to File Motion for a New Trial Out of Time, ECF No. 253, and second Motion for a New Trial, ECF No. 254. At the conclusion of a six-day jury trial, on May 5, 2025, Defendant was found guilty on all counts of a seven-count Third Superseding Indictment. ECF No. 192. Thereafter, Defendant twice requested change of appointed counsel, and these requests were granted following attorney inquiry hearings. *See* ECF Nos. 202 & 217. Defendant's first Motion to File Motion for a New Trial Out of Time was filed with the Government's consent on December 1, 2025, and was granted. ECF Nos. 221 & 226. Defendant's first Motion for a New Trial under Federal Rule of Criminal Procedure 33 alleged a violation of his autonomy under the Sixth Amendment based on his trial counsel's strategy at trial of admitting guilt on all charges apart from the alleged violations of 18 U.S.C. § 924(c).[1] This motion did not request a new trial based on any alleged ineffective

---

[1] Section 924(c) provides that it is a crime to possess firearms in furtherance of a drug trafficking crime and subsection (c)(1)(A)(i) prescribes a five-year minimum sentence for this offense. Subsection (c)(1)(B)(ii) prescribes a 30-year minimum sentence when the firearm is a machinegun.

The Third Superseding Indictment alleged § 924(c)(1)(A)(i) violations in two counts, one of which also alleged a violation of § 924(c)(1)(B)(ii) based on the possession of a Glock firearm with a machinegun conversion device. Other counts of the Third Superseding Indictment alleged conspiracy to distribute and possess with intent to distribute controlled substances, maintaining drug-involved premises, possession with intent to distribute controlled substances, and possession of firearms and ammunition by a felon.

assistance of trial counsel. Once the motion was fully briefed, the matter proceeded to an evidentiary hearing on April 14, 2026, during which both parties presented witnesses and oral argument. During oral argument, Defendant's counsel requested an opportunity to file another motion for a new trial. *See* ECF No. 254-2 at 29. The Court did not answer this request at the time but denied the first Motion for a New Trial at the conclusion of that hearing and scheduled a sentencing hearing. *See* ECF No. 249. The Court revisited counsel's request during a status conference before the scheduled sentencing hearing, and Defendant's counsel renewed his request to file another Rule 33 motion. The Government opposed the request as untimely. The Court then set a briefing schedule for another Rule 33 motion and accompanying motion to file the Rule 33 motion out of time, and canceled the sentencing hearing to accommodate the briefing schedule and the disposition of those motions. ECF No. 252. Defendant filed the pending motions on May 16, 2026, ECF Nos. 253 & 254, and the Government filed a response in opposition, ECF No. 255.

No hearing is necessary to resolve the pending motions. Most of the facts relevant to deciding these motions are either recounted above or reflected in this Court's findings of fact at the conclusion of the evidentiary hearing on Defendant's first Rule 33 motion. *See* ECF No. 254-2 at 80–87.[2] Those factual findings are incorporated here by reference. For the reasons stated herein, Defendant's new motions are denied.

## I.      SECOND MOTION TO FILE MOTION FOR A NEW TRIAL OUT OF TIME

Defendant first moves for this Court to consider his second Motion for a New Trial out of time. ECF No. 253. This second Rule 33 motion requests a new trial based on an alleged violation of Defendant's right to effective assistance of counsel at trial. *See* ECF No. 254. Rule 33(b) provides that "[a]ny motion for a new trial grounded on newly discovered evidence must be filed

---

[2] I note a minor error in the transcript, on page 82, lines 17 and 18: The phrase "conceding guilt on the 924(c) charges" should read "conceding guilt on the *non*-924(c) charges[.]" ECF No. 254-2 at 82.

within 3 years after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(1). A motion for a new trial based on other reasons "must be filed within 14 days after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(2). It is well established in this Circuit that "information supporting an ineffective assistance claim is not 'evidence' within the meaning of Rule 33[.]" *United States v. Smith*, 62 F.3d 641, 648 (4th Cir. 1995). Moreover, it is clear from the record that Defendant has been aware of the facts he cites in support of his second Rule 33 motion since the conclusion of his trial in May 2025, and his present counsel has been aware of those facts at least since the time he filed Defendant's first Rule 33 motion in December 2025. The second Rule 33 motion does not rely on any new facts. Accordingly, this second motion was due to be filed within 14 days of the guilty verdict and certainly no later than Defendant's first Rule 33 motion.

Rule 45 permits an extension of time "after the time expires" upon motion supported by good cause—but only if the movant failed to file on time "because of excusable neglect." Fed. R. Crim. P. 45(b)(1)(B). In deciding "whether a late filing is due to excusable neglect[,]" courts consider "'the danger of prejudice [to the opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *United States v. Farris*, 834 F. App'x 811, 812 (4th Cir. 2021) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Among these factors, the reason given for the delay in filing is the most important. *United States v. Davis*, No. 23-4102, 2024 WL 3690772, at *2 (4th Cir. Aug. 7, 2024) (citing *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996)).

Defendant's late filing of his second Rule 33 motion is not justified by excusable neglect. The only reasons given for the late filing are his trial counsel's alleged "ineffective assistance" and

"his late notice of trial counsel's strategy decisions." ECF No. 253 at 3. But this Court has already found, after a fulsome presentation of evidence, that Defendant was aware of this trial counsel's strategy of admitting guilt on the non-§ 924(c) counts since before the trial started. Defendant was represented at trial by Assistant Federal Public Defenders Andrew Szekely and Dara Jackson-Garrett. These attorneys were discharged after trial, and the Court appointed Thomas Rafter to represent Defendant in June 2025. ECF No. 202. The discharge of Defendant's trial counsel and appointment of Mr. Rafter gave Defendant every opportunity to move for a new trial based on any claim of ineffective assistance at trial. *Davis*, 2024 WL 3690772, at \*3 ("[T]he basis for the supplemental motion could have been raised by prior counsel and thus was wholly within [defendant's] control."). Even if Mr. Rafter refused to file such a motion, he was eventually discharged, and Defendant was appointed his present counsel, William Purpura, Jr., in October 2025. Through Mr. Purpura, Defendant did file a Rule 33 motion—one based in part on the same trial strategy he challenges in his new Rule 33 motion. Although he was aware of all facts offered to support the ineffective assistance claim he now presses in his new motion, Defendant did not present that claim in his first motion. No plausible reason is offered to explain his delay.

Furthermore, the delay was lengthy and likely prejudicial to the Government. Defendant did not ask to file a Rule 33 motion on the ineffective assistance issue until oral argument during the hearing on his first motion, on April 14, 2026—nearly a year after Defendant became aware of all relevant facts, about six months after Mr. Purpura was appointed, and about four-and-a-half months after he filed his first Rule 33 motion. The Government is likely prejudiced by the nearly year-long delay, as the passage of time tends to dim the recollections of witnesses.

In sum, the *Pioneer* factors all weigh against finding excusable neglect in the circumstances of this case. Defendant's second Motion to File Motion for a New Trial Out of Time is denied.

## II.   SECOND MOTION FOR A NEW TRIAL

Even if the motion to file out of time was granted, Defendant's second Motion for a New Trial fails on the merits. Under Rule 33, a court may grant a motion for a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). Such motions are "highly disfavored" and should be granted "only 'sparingly.'" *United States v. Ali*, 991 F.3d 561, 570 (4th Cir. 2021) (quoting *United States v. Palin*, 874 F.3d 418, 423 (4th Cir. 2017)). A defendant may seek a new trial in a Rule 33 motion based on a claim that his Sixth Amendment right to effective assistance of counsel was violated. *United States v. Russell*, 221 F.3d 615, 619 (4th Cir. 2000). To mount a successful ineffective assistance claim, the defendant must show both that his counsel's performance was deficient and that he was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). Defendant fails to meet his burden.

Defendant takes issue with his trial counsel's admission of guilt on the non-§ 924(c) charges at trial, but HE fails to demonstrate any error or deficiency in this strategy. "Judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* (citation omitted). Here, Defendant fails to overcome the presumption that the decision to concede guilt on the non-§ 924(c) charges—for which there was overwhelming evidence at trial—was a reasonable defense strategy. Mr. Szekely testified at the hearing in April 2026 that conceding guilt on the non-§ 924(c) counts (including a drug trafficking conspiracy charge) was a strategy intended to earn credibility with the jury and to focus the jury's attention on the defense's credible dispute as to key elements of the § 924(c) charges, each of which carried a statutory minimum prison term.

*See* ECF No. 254-2 at 37–39. Moreover, both of Defendant's trial attorneys testified credibly that they consulted Defendant about this strategy, and he approved. *See id.* at 37–39, 40–41, 56–58; *see also Lawrence v. Branker*, 517 F.3d 700, 716 (4th Cir. 2008) ("[Defendant] was fully apprised of his trial counsel's defense strategy before closing arguments, and he consented to the plan of attack. He cannot now claim error in the very strategy that he authorized[.]"). Considering the strength of the Government's trial evidence, the Court perceives no error in the strategy Defendant authorized and his trial counsel implemented. *See Florida v. Nixon*, 543 U.S. 175, 192 (2004) ("[I]f counsel's strategy, given the evidence bearing on the defendant's guilt, satisfies the *Strickland* standard, that is the end of the matter; no tenable claim of ineffective assistance would remain.").

Defendant seems to suggest that his trial counsel was deficient in failing to request redaction of the conspiracy count in the indictment before it read to the jury and/or modification of the jury instruction that contained that count, but he fails to show that he was prejudiced by this omission. To satisfy the prejudice prong of the *Strickland* test, "the defendant must show 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *United States v. Luck*, 611 F.3d 183, 186 (4th Cir. 2010) (quoting *Strickland*, 466 U.S. at 694). "In cases where a conviction has been the result of a trial, the defendant must demonstrate that but for counsel's errors, there is a reasonable probability that he would not have been convicted." *Id.*

The drug trafficking conspiracy count of the indictment included a manner-and-means allegation that Defendant "possessed loaded firearms and ammunition, including firearms with machinegun conversion devices, . . . in furtherance of his drug trafficking[.]" ECF No. 140 at 2. And the proposed jury instructions submitted to the Court in advance of trial included reading of the indictment. Defendant's trial counsel did not contest the jury instruction that included the

manner-and-means allegations in the conspiracy count. That instruction was provided to the jury after closing arguments. ECF No. 220 at 25–26. Defendant suggests that the inclusion of this instruction in combination with his trial counsel's admission of guilt on the conspiracy count amounted to an admission of guilt on the § 924(c) counts. But other instructions to the jury made clear the Government's burden of proving each element of each charge beyond a reasonable doubt, *see, e.g.*, *id.* at 10, and the instructions on how to determine guilt on the conspiracy count did not include any reference to firearms, *see id.* at 26–34. Thus, trial counsel's admission of guilt on the conspiracy count was not an effective concession of guilt on the § 924(c) charges, as Defendant argues in his motion.

Defendant fails to demonstrate any reasonable probability that he would not have been convicted of the § 924(c) charges his counsel consistently disputed at trial but for his counsel's failure to seek and obtain modification of the indictment to remove the firearms allegation from the conspiracy count. *See Strickland*, 466 U.S. at 697 ("[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed."). To be sure, Mr. Szekely suggested during his testimony at the hearing on Defendant's first Rule 33 motion that, in hindsight, he would have sought modification of the indictment before it was provided to the jury at trial. ECF No. 254-2 at 48. But "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight," *Strickland*, 466 U.S. at 689, and, even assuming that counsel erred in failing to seek modification of the indictment, Defendant fails to show any "reasonable probability that, absent the error[], the factfinder would have had a reasonable doubt respecting guilt[]" for the § 924(c) violations, *id.* at 695. The totality of the trial

evidence supporting Defendant's guilt on the § 924(c) counts was strong. The Court recounted a summary of this evidence when it denied Defendant's motions for judgment of acquittal during the trial. Those findings are incorporated here by reference.

Defendant's trial counsel made it clear to the jury throughout the trial that Defendant contested guilt on the § 924(c) counts and denied that he possessed any firearm in furtherance of his drug trafficking. In her opening statement, Ms. Jackson-Garrett pronounced the defense's admission of guilt on the non-§ 924(c) counts and immediately explained that the reason for the trial was Defendant's innocence of the § 924(c) charges. ECF No. 218 at 3. She then stated: "Now, throughout this trial, there are three questions that you will need to answer: Was the Glock 23 a machinegun? If so, did Mr. Sesay know it? And was the Glock 26 used in furtherance of a drug trafficking crime? The answer to all three of those questions is no." *Id.* at 3–4. This excerpt and the remainder of the opening statement clearly identified for the jury what factual issues were in dispute and reflected obvious denials of guilt on the § 924(c) counts. As the trial progressed, Defendant's counsel subjected the Government's witnesses to pointed cross examination on each of the parties' key disputes. During the defense case, Defendant's counsel presented a witness who provided testimony in support of his position that he did not possess any machinegun. During his closing argument, after again conceding Defendant's guilt on the non-§ 924(c) counts, Mr. Szekely immediately contested the facts supporting the § 924(c) counts in clear terms: "[T]he Government has not proven that Mr. Sesay possessed any of those firearms in furtherance of either drug trafficking or maintaining a drug- . . . related premises, and no firearm in this case was a machinegun." ECF No. 219 at 26. Defendant's contention in his second Rule 33 motion that his trial counsel "fail[ed] to subject the prosecution's case to meaningful adversarial testing" is unfounded. ECF No. 254 at 6. Defendant fails to show any "reasonable probability that he would

not have been convicted" of the § 924(c) charges had his counsel requested and obtained modification of the jury instructions or redaction of the indictment. *Luck*, 611 F.3d at 186.

In sum, Defendant's trial counsel's concession of guilt on the non-§ 924(c) charges was a strategy adopted with Defendant's authorization and was not deficient. Counsel's performance at trial would have left no doubt in the mind of any reasonable juror that Defendant contested the § 924(c) charges by denying that he possessed any firearms in furtherance of drug trafficking and denying that he knowingly possessed any machinegun—notwithstanding the admission of guilt on the conspiracy charge. Defendant identifies no error in the instructions conveyed to the jury regarding the Government's burden of proof on the elements of any of the charges in the indictment, including the conspiracy count and the § 924(c) counts. On this record, the Court cannot find that Defendant was prejudiced by any deficiency in the performance of his counsel at trial. Therefore, his ineffective assistance claim fails.

## III.    CONCLUSION

For the foregoing reasons, it is by the United States District Court for the District of Maryland, hereby ORDERED that Defendant's second Motion to File Motion for a New Trial Out of Time (ECF No. 253) and second Motion for a New Trial (ECF No. 254) are DENIED.

It is so ORDERED this 13th day of July, 2026

_____/S/_____

Matthew J. Maddox
United States District Judge
